**STATE of Tennessee**

**v.**

**Ronald MADDUX and Ruby Wanda Gibson Maddux.**

**In re Petition of Robert T. BYRD, III.**

Supreme Court of Tennessee.

Oct. 9, 1978.

E. E. Edwards, III, Nashville, Jerry H. Summers, Chattanooga, for petitioner, Robert T. Byrd, III.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, for respondent, State of Tennessee.

## OPINION

COOPER, Justice.

We granted certiorari in this case to consider a judgment of the Court of Criminal Appeals, which affirmed, with modifications, an order of the Criminal Court of Bradley County adjudging the petitioner to be in contempt. For the reasons set forth below, we reverse, and dismiss.

This controversy arose in connection with the criminal case, of *State v. Ruby Wanda Gibson Maddux.* The petitioner, Byrd, is an attorney practicing in Bradley County, where the *Maddux* case originated. He also is the state senator from the district which includes Bradley County. The petitioner was appointed by the trial judge to represent Mrs. Maddux. Upon learning of his appointment, the petitioner immediately moved that he be relieved, giving as the reasons for his request certain alleged conflicts of interest, as well as his personal prejudice against the defendant and his prejudgment of the case. The trial judge denied the motion. Some two weeks later the petitioner renewed his motion to be relieved as counsel for the defendant. During the course of the discussion, the trial judge questioned the petitioner concerning several out-of-court statements. In those statements the petitioner allegedly had stated that he believed his appointment had been politically motivated, and he had discussed reducing the trial judge's district so as to remove Bradley County from it. After learning from the petitioner that he had not as yet worked on the case, and after a further assertion by the petitioner that he did not feel able to represent the defendant, the trial judge summarily held the petitioner in contempt.[1] When the cause came before the Court of Criminal Appeals, that

1. The final order states, in pertinent Part:

   [I]t appears to the court that [the petitioner] . . . has refused and does refuse appointment in the above cause, and that he has made public statements declaring that he cannot represent the . . . defendant because he is convinced of her guilt and is prejudiced against her and all defendants charged with child abuse.

   And also that he had expressed himself as believing that the court was motivated by politics in appointing him in this cause and that he, . . . as state senator would divide the [judicial circuit] so as to rid Bradley County of the judge of this court.

court, with one judge dissenting, affirmed the judgment of the trial court, but reduced the punishment imposed.[2]

In so far as is material to this petition, there are two species of contempt, direct and indirect, which differ, among other ways, in the minimal procedures that will satisfy the requirements of due process in the case of each. Direct contempt is based upon acts committed in the presence of the court, and may be punished summarily. *Ex parte Terry*, 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). *Cf. Taylor v. Hayes*, 418 U.S. 488, 497, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). Indirect contempt is based upon acts not committed in the presence of the court, and may be punished only after the offender has been given notice, and the opportunity to respond to the charges at a hearing. *Johnson v. Mississippi*, 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971); *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). *See generally*, Am.Jur.2d Contempt, §§ 6–7, 88. With respect to these criteria, an act not committed in the presence of the court is treated as indirect contempt even though the act may be admitted by the offender in open court. *In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

With the exception of the petitioner's supposed refusal to accept appointment in this case, which will be discussed below, the acts which prompted the citation for contempt did not take place in the presence of the court, and constituted indirect contempt. The petitioner had neither notice of nor a hearing on the charges stemming from these alleged out-of-court acts. As a result, under the rule set forth above, the petitioner's conviction may not be predicated on those acts and, if it is to stand, must rest upon some other ground.

The sole remaining ground relied upon by the trial judge in his order citing the petitioner for contempt was the petitioner's refusal to accept appointment in the cause. Upon consideration of the record, we can find no material evidence to support this finding by the trial judge. To the contrary, the record shows rather that the petitioner did accept the appointment. Although the record shows as well that, up to the time that he was cited for contempt, the petitioner devoted most, if not all, of his efforts to seeking to be relieved of that duty, his actions in this respect were not such as would support a citation for contempt on the ground set forth by the trial judge. We would have scant sympathy for an attorney who sought to avoid representing a defendant merely because his cause was unpopular, or the crime of which he was accused, distasteful. *Cf.* Code of Professional Responsibility, Canon 2, EC 2–29. However, the record here shows, at worst, an earnest, if misconceived, effort on the part of the petitioner to convince the trial judge that his continued representation of the defendant was not in her best interests. While we may not agree with his contention, we have no cause to believe that it was not pressed in good faith. The petitioner's arguments were presented forthrightly and respectfully, and had not yet become an unreasoning and contumacious refusal to abide by the rulings of the court, so as to make him subject to punishment for contempt. *Compare Gallagher v. Municipal Court of the City of Los Angeles*, 31 Cal.2d 784, 192 P.2d 905, 913 (1948); with *Sacher v. United States*, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952); and *United States v. Schiffer*, 351 F.2d 91 (6th Cir. 1965).

Thus, none of the petitioner's acts upon which the trial judge based his holding that the petitioner was in contempt were such as would support that finding in a summary proceeding. Accordingly, the judgment of

For these reasons, the Court does hereby find the said attorney guilty of contempt of court and fixes his punishment at a fine of ten dollars and ten days in jail, and further that he will not be allowed to practice law in this court for a period of six years.

2. The punishment was reduced by the Court of Criminal Appeals to a ten dollar fine and a ten day sentence, with the latter suspended on the condition that the petitioner abide by further orders of the court.

the Court of Criminal Appeals, affirming the action of the trial judge, is reversed. As, from our review of the record, it does not appear that any purpose would be served at this date by remanding the case for hearings on whether a judgment for contempt might be based on any out-of-court acts committed by the petitioner, the case is dismissed.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.