# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 2000 Session

# CYNTHIA LECROY-SCHEMEL v. JOHN CUPP, SHERIFF OF HAMILTON COUNTY, ET AL.

**Appeal from the Criminal Court for Hamilton County**
**No. 227848     Douglas A. Meyer, Judge**

---

**No. E2000-00024-COA-R3-CV - FILED: AUGUST 10, 2000**

---

An attorney was found in contempt by the Chattanooga City Court Judge during proceedings relating to the attorney's client's conviction for violation of a municipal ordinance. The Judge ordered a ten-day jail sentence for the attorney, who was taken into custody and locked in a holding cell. The attorney was able to secure a writ of *habeas corpus* from the Hamilton County Criminal Court. After the attorney was released, the City Court Judge filed an Order to Appear and Show Cause why the attorney should not be jailed for contempt. The Criminal Court held a hearing at which it heard testimony of the attorney and another witness, and found that the City Court had exceeded its statutory authority by confining the attorney for contempt, that the City Court had not followed procedural requirements for punishing contempt, declared a section of the Chattanooga City Charter null and void, and dismissed the City Court's Order to Appear and Show Cause. The City of Chattanooga appealed the orders of the Criminal Court. We affirm the actions of the Criminal Court relating to the writ of *habeas corpus*, affirm the finding that the City Court was without authority to punish criminal contempt by confinement or fine in excess of ten dollars, and modify the judgment to reflect the holding of this Court in *Poole v. City of Chattanooga*.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Kenneth O. Fritz, Chattanooga, Tennessee, for the appellant, City of Chattanooga.

Jerry H. Summers, Chattanooga, Tennessee, for the appellee, Cynthia LeCroy-Schemel.

# OPINION

## Background

On June 8, 1999, Petitioner/Appellee Cynthia LeCroy-Schemel ("Petitioner"), an attorney, appeared in the City Court for the City of Chattanooga ("City Court") representing a client charged with speeding under the ordinances of Defendant/Appellant City of Chattanooga. City Court Judge Walter A. Williams found Petitioner's client guilty of speeding and assessed a fine of $200.00. Petitioner made a constitutional objection to the entry of a fine in excess of $50.00 by the City Court Judge, and proceeded to the office of the Court Clerk to file an appeal. When informed that the appeal bond would be $400.00, petitioner objected to the Deputy Clerk on duty that the amount was excessive, and returned to the courtroom. Petitioner related her objection to the amount of the appeal bond to the City Court Judge, who reduced the appeal bond to $250.00. Petitioner continued to object to the amount of the bond, and continued to argue that the City Court could not impose a fine in excess of $50.00. The City Court Judge warned Petitioner she would be held in contempt if she continued to speak. It appears that Petitioner then made an utterance, upon the occurrence of which the City Court Judge declared Petitioner to be in contempt, and ordered her to be taken into custody and incarcerated for ten days.

Petitioner was taken to a holding cell by the City Court officer and locked inside. Petitioner used her cellular telephone to call the Office of the Public Defender, her former employer. One of Petitioner's former co-workers filed a Writ of *Habeas Corpus* with the Hamilton County Criminal Court ("Criminal Court"), and the writ was granted by Criminal Court Judge Rebecca Stern. Although the exact sequence of events is not clear from the record, around this time the City Court officer removed Petitioner from the holding cell and took her to the chambers of the City Court Judge, where she was detained for an additional period of time. The City Court Judge ordered the attorney who submitted the writ on behalf of Petitioner to his chambers, where the Judge informed Petitioner that the City Attorney would draft an order for Petitioner to show cause why she should not be held in contempt and jailed for ten days. Petitioner was allowed to leave the Judge's chambers approximately one and one-half hours after her detention began.

Judge Stern transferred the case arising from the writ to Hamilton County Criminal Court Division I by Order filed June 14, 1999. Petitioner filed a motion to amend the petition on June 16, 1999, adding various claims relating not only to her detention for contempt, but also allegations of free speech violations by the City Court Judge and assertions relating to her arguments concerning the constitutionality of the amount of the fine imposed on her client and the amount of bond set for the appeal of the speeding conviction. After other pretrial maneuvering not relevant to the issues on appeal, the Criminal Court rejected Petitioner's demand that the City Court Judge be made a party defendant, dismissed the Sheriff from the petition, and substituted the City of Chattanooga as Defendant. Hearing on the matter was held by the Criminal Court on July 12, 1999, at which time the Criminal Court received exhibits and heard testimony of Petitioner and another attorney who heard the exchange between Petitioner and the City Court Judge. After extended argument of counsel for the parties, the Criminal Court Judge the next day filed an Order finding that the City Court Judge failed to follow the procedural requirements of Tenn. R. Crim. P. 42(a) for

summary disposition of contempt, that the City Court's show cause order failed to meet the notice and hearing procedures of Tenn. R. Crim. P. 42(b), that Petitioner's "words and/or actions in representing her client did not constitute criminal contempt under either paragraph (a) or (b) of Rule 42," that the Chattanooga City Charter § 4.1 is null and void in that it provides the City Court the same power to punish for contempt as the Circuit and Criminal Courts in violation of T.C.A. § 29-9-103, granted the release from restraint sought in the writ, and dismissed the City Court's order to show cause why Petitioner should not be held in contempt. When Petitioner failed to appear at the July 16, 1999 hearing of the City Court, the City Court Judge issued a warrant for her arrest. After additional filings, the City Court Judge withdrew the arrest warrant, and Defendant City of Chattanooga filed this appeal.

## Discussion

Although not precisely as stated by the parties, the following are the issues on appeal:

1.      The nature of the action of the City Court as criminal or civil contempt.

2.      The applicability of Tenn. R. Crim. P. 42 to the actions of the City Court.

3.      The propriety of the original grant of *habeas corpus* by the Criminal Court.

4.      The Jurisdiction of the Criminal Court arising out of the petition for writ of *habeas corpus* and the subsequent show cause proceeding.

5.      The order of City Court to appear and show cause why Petitioner should not be punished for contempt as posing double jeopardy for Petitioner.

6.      Error on the part of the Criminal Court in declaring Chattanooga City Charter § 4.1 null and void.

7.      Error on the part of the Criminal Court in declaring the judgment of the City Court void.

Before we can determine the appropriate standard of review, it is necessary to address the first two issues, determination of the nature of the contempt finding by the City Court as civil or criminal, and the related issue of procedural process due Petitioner.

Contempts may be either criminal or civil in nature. Civil contempt occurs when a person refuses or fails to comply with a court order and a contempt action is brought to enforce private rights. If imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order. Compliance will result in immediate release from prison. Therefore, it has often been said that in a civil contempt case, the contemnor "carries the keys to his prison in his own pocket . . . ."

-3-

Criminal contempts, on the other hand, are intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society. Therefore, sanctions for criminal contempt are generally both punitive and unconditional in nature. While criminal contempts may arise in the course of private civil litigation, such proceedings, "in a very true sense raise an issue between the public and the accused." In the trial of a criminal contempt case, therefore, guilt of the accused must be established by proof beyond a reasonable doubt.

Our review of [a contempt appeal] is also influenced by two further classifications of contempt, direct and indirect, which differ, among other ways, in the minimal procedure that will satisfy the requirements of due process in each case. Direct contempt is based upon acts committed in the presence of the court, and may be punished summarily. Indirect contempt is based upon acts not committed in the presence of the court, and may be punished only after the accused has been given notice and an opportunity to respond to the charges at a hearing.

*Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996)(citations omitted).

It appears from the record that the finding by the City Court Judge concerning Petitioner's actions on June 8, 1999 was one of criminal contempt. There was no private right involved, and the determinate sentence of ten days incarceration did not provide Petitioner the opportunity to produce the key to her prison from her own pocket by any action other than filing the writ of *habeas corpus*. The action of the City Court Judge was clearly to "vindicate the dignity and authority" of that Court, and the order that Petitioner be jailed for ten days is "both punitive and unconditional in nature." This action was also one for direct criminal contempt as the acts of Petitioner that led to the City Court order were committed in the presence of the Court. The action of the City Court Judge in having Petitioner escorted from the courtroom and locked in a holding cell began Petitioner's ten-day sentence as ordered from the bench, and constituted summary punishment. Defendant argues on appeal that the conduct of Petitioner in her interaction with the Deputy Clerk at the office of the City Court Clerk prior to the acts in the courtroom constitutes a second contempt punishable under Tenn. R. Crim. P. 42(b). In response to a question from the Criminal Court Judge at the July 12, 1999 hearing concerning any testimony from employees of the City Court Clerk, Counsel for Defendant specifically denied that acts outside the courtroom were at issue. "Yes, sir, and as best I understand, it was not the conversation that may have, whatever may have happened inside the clerk's office. I think it was conduct, conversation that happened after they came back in the courtroom, as I understand it." As the issue concerning acts outside the presence of the City Court Judge was not presented to the Criminal Court and is not part of the Order on appeal, it is waived on appeal. Our standard of review, therefore, is guided by the principles quoted above from *Black v. Blount*, applying the procedural due process requirements of Tenn. R. Crim. P. 42(a).

As to the issue raised by Defendant that *habeas corpus* was not available to Petitioner, the argument on appeal is based upon the assertion that the finding by the City Court was civil contempt, rather than criminal contempt. As previously discussed, this case is clearly one of

criminal contempt, not civil contempt. Defendant poses an argument that the City Court's finding was civil contempt in that Petitioner ". . . could have most likely resolved the Order to Appear and Show Cause by possibly apologizing to City Court for any alleged contemptuous conduct or words." This argument appears to be purely speculative as it is without any reference to the portion of the record relied on for support, and will not be addressed on appeal. T.R.A.P. 27(a)(7).

The issues concerning the Criminal Court's accepting jurisdiction of, and granting, the writ of *habeas corpus* in response to the detention of Petitioner by the City Court Judge pose questions of law. To answer these questions, we must determine the City Court's contempt authority.

> In Tennessee, the court's authority to punish certain acts as contempt derives from statute, and is limited to the forms of conduct set forth in Tennessee Code Annotated Section 29-9-102:
>
>> (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.
>>
>> (2) The willful misbehavior of any of the officers of said courts, in their official transactions.
>>
>> (3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts.
>>
>> (4) Abuse of, or unlawful interference with, the process or proceedings of the court.
>>
>> (5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them.
>>
>> (6) Any other act or omission declared a contempt by law.
>
> Thus, any conduct punished as contempt in Tennessee must fall under these statutory provisions.

*State v. Turner*, 914 S.W.2d 951, 955 (Tenn. Crim. App. 1995).

Punishment available for contempt of court is set out in a companion statute.

> (a) The punishment for contempt may be by fine or by imprisonment, or both.
>
> (b) Where not otherwise specially provided, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50,00), and imprisonment not exceeding

-5-

ten (10) days, and, except as provided in § 29-9-108, all other courts are limited to a fine of ten dollars ($10.00).

T.C.A. § 29-9-103.

Defendant argues on appeal that the private act of the Tennessee Legislature enabling Chattanooga City Charter § 4.1 provides "otherwise specially provided" authorization for the City Court, as one of "all other courts" named in the statute, to impose the same penalties as the Circuit and Chancery courts. This argument, along with the limitations on penalties that can be imposed for contempt by the Chattanooga City Court, was recently discussed by this Court.

In the case of *King v. Love*, 766 F.2d 962 (6th Cir1985), the Court construed Tennessee law to hold that a City court judge is limited to imposing a ten dollar fine for criminal contempt.

The contempt powers of Tennessee judges are statutorily defined. Tenn.Code Ann. § 29-9-103. That section states that "where not otherwise specifically provided," circuit, chancery and appellate courts may impose no more than ten days in jail and a fifty dollar fine for contempt. All other courts are limited to imposing a ten dollar fine. Since the Memphis City Court is not a circuit, chancery or appellate court, judges presiding over that court may impose no more than a ten dollar fine for contempt of court. Although Chapter 288 of the Private Acts of Tennessee of 1972 grants the Memphis City Court concurrent jurisdiction with the criminal courts and general sessions courts over misdemeanor cases, that Chapter does not specifically provide for expanded contempt powers as required by Tenn.Code Ann. § 29-9-103. Consequently, Judge Love exceeded his authority in jailing King for contempt on March 4, 1980.

* * *

*Id.*

The Chattanooga City Charter addresses the contempt power of the Municipal court. Chapter 1, Sec. 4.1 states:

The city court and the judge thereof shall have and exercise the same jurisdiction in cases of contempt of court as is now provided by statute for circuit and criminal courts and the judges thereof.

The City Charter then addresses the fines allowed for the violation of an ordinance.

The board of commissioners shall have power by ordinance (a) to provide for fines, forfeitures and penalties for the breach of any ordinance of the city and

> for the enforcement, recovery and appropriation of the same, and (b) to provide for confinement in a workhouse for failures to pay any fine. No fine shall exceed fifty dollars ($50.00), but such limitation shall not apply to penalties or forfeitures.
>
> Chattanooga City Charter § 4.50.

> *Poole v. City of Chattanooga*, No. E1999-01965-COA-R3-CV, 2000 WL 310564, 2 (Tenn.Ct.App. E.S. March 27, 2000)(no perm. app. filed).

As discussed earlier, the finding by the City Court concerning Petitioner's actions was one of criminal contempt. "In cases of criminal contempt, the municipal judge is limited to imposing a fine of $10.00 without any authority to order imprisonment." *Poole v. City of Chattanooga* at 5.

The City Court Judge had no legal authority to order Petitioner be detained for contempt. Jurisdiction of writs of *habeas corpus*, and related procedure, is provided by statute. "Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (T.C.A. § 29-21-102 concerns detention by a federal court and is not relevant to the present discussion). The jurisdiction of the Criminal Court is also addressed in the same chapter. "The writ may be granted by any judge of the circuit or *criminal courts*, or by any chancellor in cases of equitable cognizance." T.C.A. § 29-21-103 (emphasis added). The legislature finds such improper detention to be so egregious as to require immediate judicial action upon proper application supported by evidence.

> Whenever any court or judge, authorized to grant this writ, has evidence, from a judicial proceeding, that any person within the jurisdiction of such court or officer is illegally imprisoned or restrained of his liberty, it is the duty of such court or judge to issue, or cause to be issued, the writ as aforesaid, although no application be made therefor.
>
> T.C.A. § 29-21-104.
>
> (a) It is the duty of the court or judge to act upon such applications instanter.
>
> (b) A wrongful and willful refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.
>
> T.C.A. § 29-21-108.

As the City Court had no authority to restrain Petitioner's liberty for contempt, both the acceptance of jurisdiction and issuance of the writ by the Criminal Court were proper actions under the circumstances and the law.

The retention of jurisdiction by the Criminal Court after Petitioner's release from custody of City Court was also proper. As the City Court Judge had issued a show cause order and set a hearing with the expressed intention of ordering Petitioner be jailed for ten days, the question of authority to detain Petitioner was still at issue, as was the continuing restraint on Petitioner's liberty posed by the order to appear and show cause why she should not be jailed by the City Court for contempt. Therefore, the actions of the Criminal Court as to the first four issues discussed were proper, and the order appealed from is affirmed as to these issues.

On an issue not addressed in the Order appealed from, Petitioner asserts that the entry of the order to appear and show cause why she should not be jailed for contempt not only exceeded the authority of the City Court in such proceedings, but also constituted double jeopardy.

> Tennessee law is settled that constitutional provisions against double jeopardy protect an accused against a second prosecution for the same offense after conviction, a second prosecution for the same offense after an acquittal, and multiple punishments for the same offense. *State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997); *State v. Mounce*, 859 S.W.2d 319, 321 (Tenn.1993); *Whitwell v. State*, 520 S.W.2d 338, 341 (Tenn.1975).
>
> *Ahern v. Ahern*,15 S.W.3d 73, 80 (Tenn. 2000).

Petitioner argues, and we agree, that her restraint first in the holding cell and then in the chambers of the City Court Judge constituted punishment for the contempt finding. That the order to appear and show cause why Petitioner should not be jailed imposed multiple punishments for the same offense is clear, and double jeopardy would bar any subsequent punishment for the one contempt offense. Once again, Defendant's response centers upon the contention that the show cause order filed was not necessarily from Petitioner's acts in the courtroom, but could also be related to acts allegedly occurring in the Office of the city Court Clerk, and thus potentially constitute a separate contempt. As previously discussed, in addition to finding no support in the record, this argument was not before the Criminal Court and is not properly posed for the first time on appeal. Because Petitioner had already been punished, however wrongfully, the City Court's order for Petitioner to appear and show cause why she should not be held in contempt was void *ab initio*, and any subsequent actions related thereto are also void.

It is on the last two issues that we depart from affirming the actions of the Criminal Court. As to the issue regarding the finding in the order appealed from that Chattanooga City Charter § 4.1 is null and void, this issue has already been analyzed, discussed, and decided by this Court under remarkably similar circumstances.

> The Trial Court, in granting the writ, found section 4.1 of the City Charter to be null and void on the basis that it conflicts with T.C.A. § 29-9-103. However, the two provisions may be read in a way as to avoid conflicting language. Section 4.1 grants "jurisdiction" over contempt to the municipal court and judge. T.C.A. § 29-9-103 then operates to limit the punishment that the city court and judge may impose on

that contempt. While Section 4.5 allows for a $50.00 fine, that is for the violation of a city ordinance, and not for contempt. It further provides for imprisonment for failure to pay a fine, which is allowed under T.C.A. § 29-9-104, so long as the person being imprisoned has the ability to pay the fine. Because the provisions of the City Charter and the Tennessee Code can be read together in such as way as to not expand the power of the City Court to punish contemners, the Trial Judge erred in striking down that portion of the City Charter as being null and void.

The City also argues that the City Court has enhanced powers of contempt under T.C.A. § 6-5-306. This section provides:

> Penalty for violation of home rule municipal ordinances.--All home rule municipalities are empowered to set maximum penalties of thirty (30) days imprisonment and/or monetary penalties and forfeitures up to five hundred dollars ($500), or both, to cover administrative expenses incident to correction of municipal violations.

However, *this section does nothing to expand the contempt powers of the City Court*. This ordinance deals specifically with violations of ordinances and not with findings of contempt. Moreover, it must be read in conjunction with other sections of the Tennessee Code that serve to limit the punishments handed down by municipal courts, as opposed to, circuit and criminal courts.

> Pursuant to the City Charter, the municipal judge has jurisdiction to hear all contempt matters over which the circuit and criminal courts also have jurisdiction. He or she may imprison a person for civil contempt for failing to perform an act which is within his power and ability to perform. *In cases of criminal contempt, the municipal judge is limited to imposing a fine of $10.00 without any authority to order imprisonment.*

> *Poole v. City of Chattanooga* at 4 (emphasis added).

As to the issue regarding the Order of the Criminal Court declaring Chattanooga City Charter § 4.1 null and void, we reverse the decision of the Trial Court and modify the Order to comply with our holding in *Poole v. City of Chattanooga.*

The final issue addresses the Criminal Court's dismissal of the City Court's Order to Appear and Show Cause. As previously discussed, the City Court order was void because Petitioner had already been punished in summary fashion by the City Court Judge. The Criminal Court was correct in finding that the actions of the City Court did not meet the procedural requirements of Tenn. R. Crim. P. 42(a) by failing to file a proper order of criminal contempt.

(a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he or she saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

Tenn. R. Crim. P. Rule 42.

As the initial finding of contempt was procedurally deficient,[1] and the subsequent Order to Appear and Show Cause was void *ab initio*, there remained nothing for the Criminal Court to dismiss, even if Defendant's contention that the Criminal Court lacked appellate jurisdiction over the contempt is valid.

In summary, we affirm the Order of the Criminal Court as to the proceedings relating to the writ of habeas corpus, and modify the judgment to be consistent with the holding of *Poole v. City of Chattanooga*, discussed above.

## **Conclusion**

We affirm the Order of the Criminal Court relating to the writ of *habeas corpus*, affirm the finding that the City Court was without authority to punish criminal contempt by confinement or fine in excess of $10.00, modify the Order to reflect the holding of this Court in *Poole v. City of Chattanooga,* and remand this case for such further proceedings as may be required, if any, consistent with this Opinion. Costs of this appeal are assessed to the Appellant, City of Chattanooga.

_____
D. MICHAEL SWINEY, JUDGE

---

[1] Additionally, based upon our review of the record as a whole, it does not appear that Petitioner's acts, either inside the courtroom or at the clerk's office, would constitute contempt of court. See, *State v. Maddux*, 571 S.W.2d 819, 821-822 (Tenn. 1978)(discussing standards for finding contempt in the actions of an attorney in argument before the bench); *State v. Turner*, 914 S.W.2d 951, 956-959 Tenn. Crim. App. 1995)("[C]ourts universally agree that summary contempt powers should be used sparingly, and even then only in cases of 'exceptional circumstances.'")