IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 28, 2009

## STATE OF TENNESSEE v. JUSTIN K. BOLDUS

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2008-CR-173    Robert Burch, Judge**

─────────────

**No. M2008-01274-CCA-R3-CD - Filed August 18, 2009**

─────────────

The appellant, Justin K. Boldus, appeals the Dickson County Circuit Court's judgment affirming the Dickson County General Sessions Court's finding him in contempt of court and sentencing him to ten days in jail. On appeal, the appellant raises various issues, including that the evidence is insufficient to support the conviction. We agree that the evidence is insufficient to support a conviction for criminal contempt of court. Therefore, the judgment of the circuit court is reversed and the case is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Mitchell B. Dugan, Dickson, Tennessee, for the appellant, Justin K. Boldus.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and W. Ray Crouch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

The facts in the record before us are sparse. According to the appellant's brief, on January 18, 2008, the then eighteen-year-old appellant was arrested for trespassing. During his initial appearance in general sessions court, the appellant was ordered to return to court on March 14, 2008, for the disposition of his case. The appellant returned to court as directed. When the general sessions court ordered the appellant to approach the bench, the court noticed that the appellant's pupils were dilated and ordered him to have a drug test. According to the general sessions court's March 14, 2008 "ORDER OF CONTEMPT" in the appellate record, the court found the appellant

to have obstructed justice by testing positive for marijuana. The appellant appealed to the Dickson County Circuit Court.

The appellate record does not include a transcript of the circuit court proceeding.[1] However, pursuant to Tennessee Rule of Appellate Procedure 24(c), the appellant included a statement of the evidence. According to the statement, Dickson County General Sessions Court Judge Durwood Moore testified that while the appellant was standing in front of him on March 14, 2008, the appellant's eyes appeared to be dilated. Judge Moore ordered the appellant to submit to a drug test, and the appellant's urine tested positive for marijuana. Judge Moore said he held the appellant in contempt of court and ordered him to serve ten days in jail. Cindy Furlough, a probation officer, testified that she administered the drug test to the appellant and that the test was positive for marijuana. On cross-examination, Furlough testified that the drug test indicated a positive result for a "residual" of marijuana, which could remain in a person's body for about thirty days. The appellant testified that he smoked marijuana on the night of March 12, 2008, prior to his general sessions court appearance on the morning of March 14, 2008. In closing argument, defense counsel argued that the drug test only detected drug residuals and, therefore, could not determine whether the appellant was under the influence of marijuana during his general sessions court appearance; that the appellant did not say or do anything that rose to the level of "willful misbehavior in the presence of the court"; and that the drug test was a random drug screen prohibited on pretrial release. According to the statement of the evidence, the circuit court affirmed the general sessions court's ruling.

## II. Analysis

The appellant contends that (1) the evidence is insufficient to support his conviction, (2) he was denied due process because the general sessions court sentenced him to jail without giving him an opportunity to address the allegations against him, (3) the general sessions court's ordering him to submit to a drug test amounted to a random drug screen on pretrial release, which is prohibited by law, and (4) his sentence is excessive. The State does not address any of the appellant's claims. Instead, the State contends that this court should affirm the judgment of the circuit court because the appellant failed to include the circuit court's findings in the record on appeal.

Regarding the State's argument, Rule 24(c), Tennessee Rules of Appellate Procedure, provides as follows:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement,

---

[1] According to the State's brief, a court reporter was not present at the hearing.

certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

In addition to the facts included in the appellant's statement of the evidence, the statement provides that the circuit court "confirmed the lower Court's decision stating that intoxication in public was a form of contempt." The assistant district attorney signed the statement and did not make any objections regarding its account of the evidence or the proceedings as Rule 24(c), Tennessee Rule of Appellate Procedure, directs. The appellant's statement of the evidence provides a very brief account of the circuit court's conclusion and provides enough information, albeit barely, to preserve his sufficiency of the evidence claim. However, the statement does not provide any evidence regarding the appellant's remaining issues or the circuit court's conclusions regarding those issues. Therefore, all issues other than sufficiency of the evidence have been waived. See Tenn. R. App. P. 36(a).

When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Accordingly, in a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

As applicable to this case, the contempt of court statute provides that "[t]he power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except . . . the willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice." Tenn. Code Ann. § 29-9-102. In State v. Maddux, our supreme court explained as follows:

[T]here are two species of contempt, direct and indirect, which differ, among other ways, in the minimal procedures that will satisfy the requirements of due process in the case of each. Direct contempt is based upon acts committed in the presence of the court, and may be punished summarily. Indirect contempt is based upon acts not committed in the presence of the court, and may be punished only after the offender has been given notice, and the opportunity to respond to the charges at a hearing. With respect to these criteria, an act not committed in the presence of the court is treated as indirect contempt even though the act may be admitted by the offender in open court.

571 S.W.2d 819, 821 (Tenn. 1978) (citations omitted).

Regarding direct criminal contempt of court, Rule 42(a), Tennessee Rules of Criminal Procedure, provides that

A judge may summarily punish a person who commits criminal contempt in the judge's presence if the judge certifies that he or she saw or heard the conduct constituting the contempt. The contempt order shall recite the facts, shall be signed by the judge, and entered in the record.

In order to support a conviction for direct criminal contempt pursuant to Tennessee Code Annotated section 29-9-102, "the conduct must have been 'willful,' and it must have caused an actual obstruction of the administration of justice." State v. Turner, 914 S.W.2d 951, 956 (Tenn. Crim. App. 1995). In discussing summary contempt, this court cautioned as follows:

[T]he summary contempt authority must be viewed in light of its express purpose and function. Tennessee's summary contempt mechanism . . . is designed to punish certain conduct when necessary to vindicate the dignity and authority of the court. Thus, it may be invoked when there is a need to "act swiftly and firmly to prevent contumacious conduct from disrupting the orderly progress of a criminal trial." United States v. Wilson, 421 U.S. 309, 319, 95 S. Ct. 1802, 1808 (1975).

. . . .

. . . As a result, courts universally agree that summary contempt powers should be used sparingly, and even then only in cases of "exceptional circumstances." Harris v. United States, 382 U.S. 162, 164-65, 86 S. Ct. 352, 354 (1965).

Id. at 956-57 (most citations omitted).  Examples of direct contemptible conduct include

> "disrespectful, unreasonable or contemptuous conduct in the presence of the court," State v. Jones, 726 S.W.2d [515, 519 (Tenn. 1987)], "clamorous and violent language" in the presence of the court, Harwell v. State, 78 Tenn. [544, 546 (1882)], and "turbulent conduct" in the presence of the court, or so near thereto, as to interrupt the proceedings, id.  The supreme court has also said that subsection 102(1) "relates to direct personal misbehavior, for example, loud speaking or making any noise in the courtroom or so near thereto as to interfere with the procedure of the court . . . ." [In re Hickey, 258 S.W. 417, 425 (Tenn. 1923)].

Turner, 914 S.W.2d at 958.

Turning to the present case, the general sessions court's order of contempt form provides that "I, Durwood G. Moore, Dickson County General Sessions Court Judge, hereby certify that I did see or hear conduct constituting contempt of the General Sessions Court . . . and state the following facts." The judge then hand-wrote on the form "Obstruction of Justice Tested positive to marijuana." Given that the general sessions court judge certified the appellant's contemptuous conduct pursuant to the procedure in Tennessee Rule of Criminal Procedure 42(a), the appellant was prosecuted for direct contempt.  While not condoning the fact that the appellant smoked marijuana two days before his court appearance, we are perplexed as to what behavior warranted a filing of contempt in this case.  Other than dilated eyes, no evidence was presented that the appellant showed any signs of being under the influence of an illegal drug.  There was no testimony that the appellant could not understand the proceedings against him, that he was belligerent to the court, or that he used foul language.  In fact, there is no evidence that the appellant disrupted the sessions court proceedings in any way.  Given that no "exceptional circumstances" exist in this case to justify a finding of contempt of court, the judgment of the circuit court affirming the general sessions court's contempt of court order is reversed.

### III.  Conclusion

Based upon the record and the parties' briefs, the judgment of the circuit court is reversed.

 

_____
NORMA McGEE OGLE, JUDGE