# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 6, 2011 Session

## MICHELLE LAMBERT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-34560     John T. Fowlkes, Jr., Judge**

---

**No. W2010-00845-CCA-R3-HC  - Filed April 10, 2012**

---

The General Sessions Court of Shelby County found the petitioner, Michelle Lambert, in contempt for failing to comply with the orders of the court and sentenced her to five days in jail.  Rather than filing a direct appeal, the petitioner responded by filing a petition for writ of habeas corpus in the Shelby County Criminal Court, alleging that the judgment was void for two reasons: first, because Tennessee Code Annotated section 29-9-103, which lists the punishments under the general contempt statute cited by the general sessions court in its order, limits the power to impose jail time to circuit, chancery, and appellate courts and; second, because the general sessions court failed to afford her notice or a hearing prior to finding her in indirect contempt.  After holding an evidentiary hearing, the habeas court granted the writ by vacating the judgment and remanding to the general sessions court for "further proceedings not inconsistent" with its order, including the initiation by the general sessions court of the proper notice and hearing required for a finding of indirect contempt. On appeal, the petitioner argues that the habeas court lacked the authority to remand the case to the general sessions court upon granting the writ of habeas corpus.  We conclude, however, that the petitioner failed to show that her judgment was void, rather than merely voidable.  Thus, she should have sought relief through a direct appeal.  Accordingly, we reverse the judgment of the habeas court granting the writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Robert Jones, District Public Defender; and Phyllis Aluko, Assistant Public Defender, for the appellant, Michelle Lambert.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Garland Erguden, Assistant District Attorney

General, for the appellee, State of Tennessee.

## OPINION

## FACTS

According to information we have gleaned from the petitioner's petition for writ of habeas corpus and the testimony of her trial counsel at the habeas corpus evidentiary hearing, on January 25, 2010, the petitioner appeared before the Shelby County General Sessions Court on a misdemeanor citation for driving on a revoked, suspended, or cancelled license and violation of the vehicle registration law. Although the prosecutor dismissed the underlying traffic charges on that date, the general sessions court found the petitioner in contempt and sentenced her to five days in jail based on her failure to comply with the conditions of her bond; specifically, for not reporting to the "Day Reporting Center" and for testing positive for drugs. In its "Judgment and Mittimus Writ of Confinement," the court cited the general contempt statute at Tennessee Code Annotated section 29-9-102, writing "29-9-102 Contempt of Court–General Law," and "failure to comply," as the basis for the order.

Rather than filing a direct appeal of the judgment of the general sessions court, the petitioner filed a petition for writ of habeas corpus in the Shelby County Criminal Court in which she alleged that the judgment was void because the general sessions court lacked the authority to impose jail time for a violation of the petitioner's day reporting conditions. The petitioner further alleged that she was entitled to notice, a hearing date, and representation by counsel before being adjudged guilty in an indirect contempt case.

On February 18, 2010, the habeas court held an evidentiary hearing at which the petitioner presented the testimony of the public defender who had been appointed to represent her on the underlying traffic violations in general sessions court. Trial counsel said that she was in the courtroom on January 25, 2010, when she heard the general sessions judge call the petitioner and other defendants to the "hot seat," or holding area where defendants are placed who are about to be taken into custody. Counsel said she had not had a chance to speak with her client at that point and that she quickly searched for her file in an effort to find out why the petitioner was about to be taken into custody. She stated that as the petitioner was moving up to the holding area, she passed counsel her driver's license and insurance information. Counsel, in turn, showed the documents to the prosecutor, who agreed to nolle prosequi the charges against the petitioner. In the meantime, however, the judge announced that the petitioner was being held in contempt of court based on a report from the Day Reporting Center that she had tested positive for drugs and had not reported as scheduled to the Center. According to trial counsel, the general sessions judge sentenced

the petitioner within "minutes" of calling her to the holding area.

Trial counsel testified that she had no prior knowledge that the petitioner was being charged with contempt and therefore no opportunity to investigate or prepare a defense to the charge. She said that someone from the Day Reporting Center was in the courtroom, but neither that individual nor anyone else testified about the petitioner's alleged violations. Counsel stated that she attempted to speak with the judge on the petitioner's behalf as the crying, handcuffed petitioner was being removed from the courtroom but that the judge never really responded to her.

At the conclusion of the hearing, the assistant district attorney conceded that the general sessions judge had found the petitioner in indirect contempt of court without affording her the required notice and hearing.

On March 12, 2010, the habeas court entered a written order granting the writ of habeas corpus on the following bases: that the general sessions court lacked statutory authority to impose the five-day sentence; that the "facts adduced at the hearing" did not support a finding that the petitioner committed a direct contempt and the contempt order did not comply with the requirements of Tennessee Rule of Criminal Procedure 42(a) for a finding of direct contempt; and that the general sessions court failed to give the petitioner the notice and hearing required for a finding of indirect contempt. The habeas court's order states in pertinent part:

> The judgment provides that the Petitioner was found guilty of "Contempt of Court-General Law" pursuant to "29-9-102," and was sentenced to five days confinement. At another location on the judgment, the court noted that the Petitioner's violation was for a "failure to comply."

> A review of the facts adduced at the hearing before this Court do not appear to support a finding that the Petitioner committed an act of direct contempt of court. If anything, the Petitioner's transgressions at the Day Reporting Center may have been an instance of indirect contempt, because the events documented in the Day Reporting Center report were not committed in the [judge's] presence. However, the Petitioner was not given formal notice of the charge, nor an opportunity to prepare for and defend against the charge. T.R.C.P. Rule 42(b); and State v. Maddux, 571 S.W.2d 819 (Tenn. 1978). Thus, the General Sessions Court erred in summarily punishing the Petitioner by sentencing her to five days confinement.

This Court finds that the judgment filed by the General Sessions Court in this cause is facially void. If the Petitioner's actions supported a finding of direct contempt, the judgment entered by the General Sessions Court is insufficient. A finding of contempt by a General Sessions Court, based upon conduct enumerated in T.C.A. 29-9-102, would only give rise to a fine of $10.00. Further, Tenn. R. Crim. P. 42(a) provides that a judge may summarily punish instances of contempt committed in the presence of the judge. However, the judge must certify that he/she saw or heard the offending conduct which constituted the contempt, and the contempt order must recite the facts upon which the contempt is founded. The required certification and statement of facts were not included in the judgment filed in this matter. For the foregoing reasons, the Petition is granted.

The habeas court, therefore, vacated the contempt judgment and remanded for further proceedings not inconsistent with its order, with directions that, if the general sessions court did not dismiss the contempt charge, any hearing it held on allegations of behavior constituting indirect contempt should be preceded by "proper written notice timely filed." The habeas court further directed that any resulting sentence "must not exceed jurisdictional limits." Thereafter, the petitioner filed a notice of appeal to this court in which she challenges the habeas court's remand of the case to the general sessions court.

**ANALYSIS**

The petitioner argues on appeal that, having vacated the judgment and sentence, there was nothing left for the habeas court to remand to the general sessions court. The State argues, *inter alia*, that the habeas court erred in granting the petitioner habeas relief because the general sessions court, regardless of any legal error in its actions, had the authority to summarily hold her in contempt. We agree with the State.

Although there is no statutory limit preventing a habeas corpus petition, see Tenn. Code Ann. § 29-21-101 et seq., the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the

-4-

judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

The habeas court's first basis for finding the contempt judgment void was that the general sessions court was not authorized to impose a five-day sentence under the general contempt statute cited in the order. While it is true that a sentence imposed in direct contravention of a statute is void and illegal and therefore subject to habeas corpus relief, see Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000), we disagree that the sentence here was in direct contravention of the statute.

The general contempt statute, located at Tennessee Code Annotated section 29-9-102, authorizes a court to find a person in contempt of court and to inflict punishment upon a finding that the person has, among other things, willfully disobeyed any lawful order of the court. Tenn. Code Ann. § 29-9-102(3). Tennessee Code Annotated section 29-9-103, which sets forth the punishment for contempt, provides as follows: *"Where not otherwise specially provided*, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50.00), and imprisonment not exceeding ten (10) days, and, except as provided in § 29-9-108, all other courts are limited to a fine of ten dollars ($10.00)." Tenn. Code Ann. § 29-9-103(b) (emphasis added).

As the habeas court correctly noted, Tennessee Code Annotated section 29-9-108, which authorizes a general sessions court to impose a fine of $10 and up to five days

imprisonment for a finding of contempt based on a party's willful failure to appear in court, is inapplicable to the case. The habeas court, however, failed to take into consideration the statute that specially grants a general sessions court the authority to impose punishments for contempts of court, which provides as follows:

> Notwithstanding any provision of the law or private act to the contrary, courts of general sessions have the power to issue attachments and inflict punishments for contempts of court. The punishments for contempts shall be limited to:
>
> (1) A fine not exceeding fifty dollars ($50.00) and imprisonment not exceeding ten (10) days if the judge of the general sessions court is licensed to practice law; and
>
> (2) A fine not exceeding fifty dollars ($50.00) if the judge of the general sessions court is not licensed to practice law.

Tenn. Code Ann. § 16-15-713(a). A judge of the general sessions court in Shelby County must be licensed to practice law. Tenn. Code Ann. §§ 16-15-5005; 17-1-106. Thus, under Tennessee Code Annotated section 16-15-713, the general sessions court judge was authorized to impose a punishment of five days imprisonment upon finding the petitioner in contempt of court. We conclude, therefore, that the habeas court erred by granting habeas relief based on its finding that the court lacked jurisdiction to impose the sentence.

We further conclude that the habeas court erred by granting the petitioner habeas relief based on the general sessions court's failure to provide the petitioner with the notice and hearing required for a finding of indirect contempt. Although the parties conceded that the general sessions court failed to provide the required notice and hearing, there is nothing in either the judgment or the record of the underlying proceedings, which in this case would be the contempt proceedings before the general sessions court, that would show that the general sessions court lacked jurisdiction to find the petitioner in contempt.[1] Counsel's testimony at the habeas corpus evidentiary hearing simply does not qualify as part of the "record of the proceedings upon which the judgment [was] rendered."

As such, we agree with the State that, rather than filing a petition for writ of habeas corpus, the petitioner would have been better served by filing a direct appeal of the contempt order. Had she done so, we could have considered such evidence as the testimony presented

---

[1]Because the general sessions court is not a court of record, there is no transcript of the actual contempt proceedings.

at the evidentiary hearing to determine the correctness of the general sessions court's actions. Unfortunately for the petitioner, the claimed illegality regarding the failure to provide notice and a hearing renders her contempt judgment merely voidable, which does not entitle the petitioner to habeas corpus relief. Accordingly, we reverse the judgment of the habeas court granting the petitioner habeas corpus relief from her contempt conviction.

## **CONCLUSION**

Based on our review, we conclude that the habeas corpus court erred by granting the petition for writ of habeas corpus. Accordingly, we reverse the judgment of the habeas court.

_____
ALAN E. GLENN, JUDGE