IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## STEVEN ANDERSON v. ESCO JARNIGAN, SHERIFF, and STATE OF TENNESSEE

### Appeal from the Criminal Court for Hamblen County
No. 17-CR-441    Alex Pearson, Judge

### No. E2017-02534-CCA-R3-HC

The Petitioner, Steve Anderson, appeals from the Hamblen County Criminal Court's dismissal of his petition for a writ of habeas corpus from his 1985 convictions for receiving and concealing stolen property, possession of engines and transmissions with altered numbers, arson of an automobile, and escape and his forty-two-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition and by finding him in contempt of court, which resulted in a ten-day sentence in confinement. Although the habeas corpus court erred by dismissing the petition pursuant to the mootness doctrine, we conclude that the petition fails to state a colorable claim for habeas corpus relief. Furthermore, we reverse the judgment of the habeas court relative to the contempt determination and dismiss the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed
in Part; Reversed in Part; Dismissed in Part**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. JOHN EVERETT WILLIAMS, P.J., filed a separate opinion concurring in part and dissenting in part.

Steven Anderson, Morristown, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Dan E. Armstrong, District Attorney General; and Kim Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that the Petitioner was convicted in 1985 of "[b]uying or possessing vehicle engine and transmission, lack of serial number, carrying burglary instruments, arson of a vehicle, alternating serial numbers, and escape" and that he received a forty-two-year sentence.[1] The Petitioner received parole in 1995 but was placed in federal custody until July 1998, at which time he was released from confinement and began reporting to the Morristown parole office. The Petitioner complied with the terms of his release until his April 2016 arrest, in relevant part, for driving under the influence (DUI) and for violating the implied consent law. The Petitioner reported his arrest to his parole officer within forty-eight hours, and although the DUI charge and the implied consent violation were ultimately dismissed, the parole board initiated revocation proceedings as a result of the arrest. The record shows that the determinations of the hearing officer at the first revocation hearing were overturned on appeal and that at the subsequent revocation hearing on April 21, 2017, the hearing officer determined that the Petitioner consumed alcohol to excess, recommended revocation of his parole, and agreed to revisit the revocation in July 2017. The Petitioner states he learned the following month that the parole board followed the recommendation of the hearing officer and revoked his parole.

On September 26, 2017, the Petitioner filed the instant petition for a writ of habeas corpus, which stated that he was "not attacking his sentence" or the rules of parole. The Petitioner conceded that the habeas corpus court did not have jurisdiction over the Board of Parole. The petition stated that the Petitioner's parole officer who testified at the revocation hearing violated the Petitioner's constitutional rights. The Petitioner alleged that his parole officer failed to interview him before submitting a violation report to the parole board and had ex parte communications with the hearing officer presiding during the first revocation hearing, which resulted in the Petitioner's witnesses not being permitted to testify. The Petitioner asserted that he was "not attacking the parole system . . . however the people doing their job is what [was] being addressed." He alleged that he should have received notice from the parole board before the board met at the county jail and the opportunity to meet with the members. The Petitioner stated that he was attacking the "personal duties of each officer of the Parole Board" and alleged that he was denied due process of law after having been on parole for twenty-one years.

The habeas corpus court appointed counsel to represent the Petitioner, but the Petitioner declined counsel's assistance at an initial court appearance and sought to represent himself in the habeas corpus proceedings. He informed the habeas corpus court that although he had again received parole three or four weeks before his initial court appearance,

---

[1] Although the judgments of conviction were not attached to the petition for relief, transcripts from the Petitioner's parole revocation hearings reflect the conviction offenses and effective sentence.

he had not been released from confinement and had been confined for eighteen months. The habeas corpus court scheduled the evidentiary hearing for approximately one month later.

At the evidentiary hearing, the Petitioner told the habeas corpus court that he had since been released from confinement and had been returned to parole. When the court inquired about what relief the Petitioner desired, the Petitioner stated that he wanted the court to "vacate his sentence." The Petitioner argued that he was arrested based upon an "illegal parole violation." He alleged that "they" had ex parte communications, conspired against him, and told one of his witnesses that the Petitioner would not be released before the hearing occurred "because the decision [had] already been made." He argued that it was unlawful to determine the outcome of a matter before the hearing was held.

The habeas corpus court attempted to clarify the "charge" for which the Petitioner sought a dismissal, and the Petitioner stated that he was not seeking a dismissal of the charges that led to the parole revocation because he knew those charges had been dismissed. The Petitioner said, "I'm talking about the charge of the parole violation . . . The forty-one, forty-two years for escape. That they violated on it." The court asked whether the Petitioner sought a dismissal of the "whole underlying case" for which the Petitioner was on parole, and the Petitioner responded, "That's it; that's all you can do. . . . But when they violated the laws that put in there, the first charge is what they violated." He said he had done nothing to warrant the revocation of his parole.

The habeas corpus court dismissed the petition for relief pursuant to the mootness doctrine. The court stated that even if the parole board acted improperly, granting habeas corpus relief relative to the underlying convictions for which the Petitioner was now on parole was not appropriate. The court found that the Petitioner had been released from confinement and had been granted parole by the time of the evidentiary hearing and that as a result, the Petitioner was not illegally detained. The court found that the Petitioner's supporting documentation showed that the Petitioner received a forty-one-year sentence in 1985 and that even if the parole board mishandled the parole violation, habeas corpus relief was not warranted.

After the habeas corpus court announced its ruling, the judge told the Petitioner that he could appeal the court's determination. The Petitioner stated that he would appeal the ruling and that everyone would meet again in federal court. The judge stated, "Good Luck to you, sir," and the Petitioner responded, "Oh, I'll need a lot of that. Crooks." The judge asked the Petitioner if he wanted to go to jail, but without a response from the Petitioner, the judge found the Petitioner in contempt of court and instructed the court officer to place the Petitioner in custody. The judge found that the Petitioner had committed direct contempt of court, stated he would not tolerate such assertions, and sentenced the Petitioner to ten days' confinement. This appeal followed.

# I. Habeas Corpus Relief

The Petitioner asserts that the habeas corpus court erred by dismissing his petition. The State responds that the court properly denied relief because the petition failed to comply with the statutory procedural requirements when filing a petition for habeas corpus relief and failed to state a colorable claim for habeas corpus relief.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

As a preliminary matter, the State correctly notes in its brief that the Petitioner did not attach to his petition the 1985 judgments of conviction for which the Petitioner sought relief. The formal requirements for a petition for habeas corpus relief are "mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165; *see Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004). Tennessee Code Annotated section 29-21-107(b) (2012), requires a petitioner to attach to the petition for habeas corpus relief the judgments of conviction, and "when such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a . . . court may properly choose to dismiss the petition[.]" *Summers*, 212 S.W.3d at 261.

However, the State did not seek a dismissal in the habeas corpus court on the basis that the Petitioner failed to comply with the statutory procedural requirements. Likewise, the State did not file a written response to the petition, and its only argument at the evidentiary hearing was that the petition should be dismissed on the basis of mootness because the Petitioner was no longer confined. The habeas corpus court never discussed the statutory procedural requirements at the evidentiary hearing and did not provide the Petitioner with the opportunity to comply with the requirements. Although a habeas corpus court is permitted to summarily dismiss a petition for failure to comply with the statutory procedural requirements or to provide a petitioner an opportunity to comply with the requirements, the court "may properly choose to adjudicate the petition on the merits." *Hickman*, 153 S.W.3d at 21. The record does not reflect that the court considered the statutory procedural requirements.

The initial issue before this court is whether the Petitioner's serving his sentence on parole renders his petition for a writ of habeas corpus moot or whether serving a sentence on parole constitutes a restraint of liberty, entitling the Petitioner to seek habeas corpus relief. The record reflects that the Petitioner had been granted parole and had been released from confinement before the evidentiary hearing. Upon this court's own motion, supplemental briefing was ordered to address the issue. The States concedes in its supplemental brief that the habeas corpus court erred by determining that the petition for relief was moot because the Petitioner was no longer confined. We agree with the State.

In order to obtain habeas corpus relief, a petitioner must be "imprisoned or restrained of liberty." T.C.A. § 29-21-101(a). "'Imprisoned' refers to actual physical confinement or detention." *Summers*, 212 S.W.3d at 257. "'Restrained of liberty' is a broader term and encompasses situations beyond actual custody." *Id*. Our supreme court has acknowledged that, within the federal courts, "restrained of liberty" has been interpreted to include a petitioner released on parole because although such a petitioner is not physically imprisoned, parole "imposes conditions which significantly confine and restrain . . . freedom." *Hickman*, 153 S.W.3d at 22-23; *see Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Wales v. Whitney*, 114 U.S. 564, 572 (1885). In *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004), our supreme court explained by citing *Hickman* that "[t]he phrase 'restrained of liberty' has *generally* been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." (emphasis added). "A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions." *Benson*, 153 S.W.3d at 31; *see* T.C.A. § 29-21-107(b). The requirement that a petitioner show he or she is "'imprisoned or restrained of liberty' by the challenged conviction is . . . a requirement that a petitioner have standing . . . [that] operates independently of a petitioner's substantive claim of voidness." *James Gregory Watson v. Howard Carlton, Warden and State of Tennessee*, No. E2009-02500-CCA-R3-HC, 2011 WL 862036, at *4 (Tenn. Crim. App. Mar. 14, 2011), *perm. app. denied* (Tenn. Feb. 15, 2012).

In *Timmy Herndon v. State*, No. W2011-01435-CCA-R3-HC, 2012 WL 5868932, at *4 (Tenn. Crim. App. Nov. 12, 2012), *perm. app. denied* (Tenn. Apr. 9, 2013), a panel of this court determined that the habeas corpus court erred by dismissing a petition for relief as moot on the ground that the petitioner was serving his sentence on parole at the time the petition was filed. In relying on *Benson* and *Hickman*, the panel determined that the petition was filed when the petitioner was restrained of his liberty, establishing his standing to pursue habeas corpus relief for the relevant convictions. *Id*. We agree with the panel's determination and conclude in the present case that the Petitioner's serving his sentence on parole does not render his habeas corpus petition moot and that the habeas corpus court erred by dismissing the petition on this basis.

Although the State requests in its supplemental brief that this court affirm the habeas corpus court's dismissal on the grounds that the Petitioner failed to comply with the statutory procedural requirements, we have determined that the court did not consider the statutory procedural requirements when dismissing the petition. Likewise, the State did not argue in the habeas corpus proceedings that the petition should have been dismissed on this ground. The only argument by the State at the evidentiary hearing was that the petition was moot because the Petitioner had been released on parole.

However, we conclude that the petition for habeas corpus relief fails to state a colorable claim for relief. The Petitioner stated at the evidentiary hearing that he was not seeking a dismissal of the parole revocation but rather a dismissal of his underlying convictions for which he is on parole. The Petitioner alleged that he was arrested upon an illegal parole violation and that at the revocation hearing, improper conduct occurred and procedural rules were not followed. However, even if the Petitioner's allegations were true, he would not be entitled to habeas corpus relief because these allegations would not render the underlying judgments of conviction void. Likewise, the Petitioner has failed to show that the convicting court lacked jurisdiction to impose sentences. As a result, we conclude that although the habeas corpus court erred by dismissing the petition pursuant to the mootness doctrine, the Petitioner failed to state a colorable claim for habeas corpus relief. The Petitioner is not entitled to relief on this basis.

## II.     Contempt of Court

The Petitioner contends that the habeas corpus court erred by finding him in contempt of court. He argues that the court was dishonest about what the Petitioner said at the end of the evidentiary hearing. The State responds that the court acted within its discretion by finding the Petitioner in contempt of court.

-6-

Tennessee Code Annotated section 29-9-102 (2012), provides the authority to punish contemptuous conduct in limited circumstances, which includes "willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice," "willful misbehavior of any of the officers of such courts, in their official transactions," "willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts," "[a]buse of, or unlawful interference with, the process or proceedings of the court, "[w]illfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them," and "[a]ny other act or omission declared a contempt by law." T.C.A. § 29-9-102. "[C]ourts universally agree that summary contempt powers should be used sparingly, and even then only in cases of 'exceptional circumstances.'" *State v. Turner*, 914 S.W.2d 951, 956-57 (Tenn. Crim. App. 1995) (quoting *Harris v. United States*, 382 U.S. 162, 164-65 (1965)). "On appeal following a finding of contempt, . . . the defendant must overcome the presumption of guilt by demonstrating that the evidence preponderates against the trial court's findings." *Daniels v. Grimac*, 342 S.W.3d 511, 517 (Tenn. Ct. App. 2010).

Direct criminal contempt occurs in the presence of the court and may be subject to summary disposition. *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996); *State v. Maddux*, 571 S.W.2d 819, 821 (Tenn. 1978). In order to impose punishment summarily, the judge must "[certify] that he or she saw or heard the conduct constituting contempt" and enter a signed order reciting the facts of the conduct. Tenn. R. Crim. P. 42(a). The conduct resulting in direct criminal contempt "must have been 'willful,' and it must have caused an actual obstruction to the administration of justice." *Turner*, 914 S.W.2d at 956 (internal citation omitted). Examples of conduct supporting a direct criminal contempt finding include "disrespectful, unreasonable or contemptuous conduct," "clamorous and violent language," "turbulent conduct . . . as to interrupt the proceedings," and "loud speaking or making any noise in the courtroom . . . as to interfere with the procedure of the court[.]" *Id*. at 958 (internal citations omitted).

The habeas corpus court entered a "mittimus" on November 27, 2017, stating the following relative to the contempt determination:

> The court finds Mr. Steve Anderson in direct contempt for saying that you all are "a bunch of crooks" after the court dismissed his habeas corpus petition for being moot. The court sentences Mr. Anderson to 10 days in jail for said direct contempt.

The mittimus entered by the habeas corpus judge failed to comply with the mandate in Tennessee Criminal Procedure Rule 42(a) requiring the judge to certify that he personally heard the Petitioner say "that you all are 'a bunch of crooks'" and that the conduct occurred in the judge's presence. A court's non-compliance with the requirements of Rule 42(a) *may* result in an appellate court dismissing a contempt finding based upon insufficient evidence. *See Varley v. Varley*, 934 S.W.2d 659, 664 (Tenn. Ct. App. 1996) (dismissing contempt finding because the record did not specify the contemptuous conduct and because the judge did not certify that he or she saw or heard the conduct); *see also State v. Charles Johnston*, No. E2002-02028-CCA-R3-CD, 2003 WL 23094414, at *4-5 (Tenn. Crim. App. Dec. 30, 2003) (declining to dismiss a contempt finding when the order failed to state whether the judge saw or heard the contemptuous conduct and whether the conduct occurred in the judge's presence as required by Rule 42(a) because the record contained the judge's "oral statements" in which the judge identified the "contemptuous conduct and certified that it was committed in his presence").

However, the transcript at the evidentiary hearing reflects the following relevant conduct:

THE COURT: . . . So, Mr. Anderson, your petition for habeas corpus is found to be moot at this time.
    The Court declines to dismiss the underlying conviction that placed you on parole.
    You certainly are free to appeal that decision if you feel like that the Court of Appeals---
THE DEFENDANT: Oh, I'll appeal it, We'll all meet again in Federal Court.
THE COURT: That'll be all right.
THE DEFENDANT: Ain't nothing better.
THE COURT: Good luck to you, sir.
THE DEFENDANT: Oh, I'll need a lot of that. Crooks.
THE COURT: Do you want to go to the jail? I find Mr. Anderson in contempt. Place him in custody.
THE BAILIFF: Go ahead and have a seat over there (indicating), sir.
THE COURT: I find Mr. Anderson in direct contempt of this Court. The Court will not tolerate such assertions, ten days in custody. All right. Court's adjourned.

The habeas corpus court's mittimus stating the conduct for which it found the Petitioner in contempt is not supported by the transcript from the evidentiary hearing, and the discrepancy is neither minor nor "technical." *Charles Johnston*, 2003 WL 23094414, at *5; *see In re Brown*, 470 S.W.3d 433, 450 (Tenn. Ct. App.) (determining that a one-day delay in entering the contempt order, which "contain[ed] the requisite factual basis," did not warrant a

dismissal of the contempt finding pursuant to Rule 42(a)). Tennessee Rule of Appellate Procedure 24(f) regarding the approval of the record by a trial court judge states the following:

> The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof . . . . Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of death or inability to act by the trial judge.

The transcript in this case does not reflect the habeas corpus judge's signature of approval. However, the transcript is deemed to have been approved by the judge and to be an accurate depiction of the statements made by the parties and the judge at the evidentiary hearing. *See* T.R.A.P. 24(f).

The transcript does not reflect that the Petitioner stated "that you all are 'a bunch of crooks.'" The Petitioner only said, "Crooks," and no explanation was provided relative to whom the Petitioner referred because the court found the Petitioner in contempt without further inquiry from the Petitioner. The Petitioner states in his brief that he thought about the Board of Parole and about the previous eighteen months before he said crooks aloud slightly after the hearing had ended. The Petitioner alleges in his brief that three or four minutes elapsed after he said, "Oh, I'll need a lot of that," but before he said, "Crooks." Although the Petitioner's assertion in his brief is not evidence, it is illustrative of the fact that the transcript does not reflect the time at which any statement was made during the hearing.

Because the transcript is inconsistent with the habeas corpus court's mittimus, we conclude that the record is insufficient to support court's determination of direct contempt, and we dismiss the charge.

In consideration of the foregoing and the record as a whole, we affirm the habeas corpus court's denial of relief, although on an alternative ground, and we reverse the judgment of the habeas corpus court relative to the contempt determination and dismiss the charge.

_____
ROBERT H. MONTGOMERY, JR., JUDGE